UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY A. WENDEL, and SANDRA L. WENDEL, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO.1:18-cv-02988 |
| BLUESTEM BRANDS INC. d/b/a FINGERHUT, | DEMAND FOR JURY TRIAL |
| Defendant. | |

# COMPLAINT

NOW come JAY A. WENDEL ("Jay") and SANDRA L. WENDEL ("Sandra") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLUESTEM BRANDS INC. d/b/a FINGERHUT, as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiffs are natural persons over 18 years-of-age residing in Warren, Illinois, which falls within the Northern District of Illinois.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers in Illinois.

7. Defendant is a "person[s]" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. During the winter of 2017, Sandra purchased a consumer good through Defendant.

10. Upon receiving the consumer good, Sandra realized that Defendant made an error in the order, which prompted her to return the item back to Defendant.

11. Shortly thereafter, Jay and Sandra began receiving calls to their cellular phones, (586) XXX-8220 and (248) XXXX-4985, respectively, from Defendant.

12. At all times relevant to the instant action, Jay was the sole subscriber, owner, and operator of the cellular phone ending in 8220. Jay is and always has been financially responsible for the cellular phone and its services.

13. At all times relevant to the instant action, Sandra was the sole subscriber, owner, and operator of the cellular phone ending in 4985. Sandra is and always has been financially responsible for the cellular phone and its services.

14. Upon answering Defendant's phone calls, Plaintiffs experience a noticeable pause, lasting several seconds in length, and often have to say "hello" before they are connected with one of Defendant's representatives.

15. Defendant has used a variety of phone numbers when placing calls to Plaintiffs' cellular phones, including but not limited to: (855) 895-3382, (844) 349-6207, (844) 740-3175, and (855) 832-2751.

16. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

17. Upon speaking with Defendant's representatives, Plaintiffs have been informed that Defendant is seeking to collect upon an outstanding balance associated with the consumer good purchased by Sandra ("subject consumer debt").

18. Plaintiffs notified Defendant's representatives that the consumer good was returned to Defendant, and that they did not owe on the subject consumer debt.

19. Upon Defendant's persistence, Plaintiffs demanded that Defendant stop contacting them.

20. Despite Plaintiffs' efforts, Defendant has continued to place calls to their cellular phones up until the date of the filing of this action.

21. Defendant has also placed multiple phone calls to Plaintiffs' cellular phones during the same day.

22. In sum, Defendant has placed at least 50 phone calls to both Jay's and Sandra's respective cellular phones, despite their demands that it cease contacting them.

23. With the goal of specifically addressing Defendant's conduct, Plaintiffs have expended approximately $52.00 to purchase and maintain an application on their cellular phones to help quell Defendant's calls. However, Defendant's communications have persisted.

24. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

25. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

<u>COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>
(PLAINTIFFS AGAINST DEFENDANTS)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiffs experience, as well as the fact that Plaintiffs have to say "hello" prior to being connected with a

live representative is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts point to the involvement of an ATDS.

30. Defendant violated the TCPA by placing at least 50 phone calls to both Plaintiffs' cellular phones using an ATDS without their consent. Any consent Plaintiffs *may* have given was explicitly revoked upon their demands to cease contact.

31. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, JAY A. WENDEL and SANDRA L. WENDEL, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANTS

33. Plaintiffs restate and reallege paragraphs 1 through 32 as though fully set forth herein.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

35. Plaintiffs are "person[s]" and "consumer[s]" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

36. Defendant's collection calls to Plaintiffs are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiffs. Plaintiffs explained to Defendant that the consumer good which they ordered from Defendant was not the correct item they had ordered, and Plaintiffs even returned the item back to Defendant. Yet, Defendant bombarded Plaintiffs with telephone calls in an attempt to collect upon a debt allegedly stemming from the consumer good. It was unfair for Defendant to relentlessly contact Plaintiffs through means of an ATDS when they demanded that it stop calling them. Defendant ignored Plaintiffs' requests and continued to systematically place calls to their cellular phone without consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiffs would be compelled to make payment.

38. The ICFA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendants.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic

> damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 22 through 26, Plaintiffs have suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiffs are entitled to relief pursuant to 815 ILCS 505/10a.

41. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiffs. Defendant sent Plaintiffs the wrong item, and even after Plaintiffs returned the item, Defendant attempted to harass Plaintiffs into submission by bombarding their cellular phones with collection calls. Defendant also acted in defiance of Plaintiffs' prompts. Defendant was notified by Plaintiffs that they did not wish to receive any more phone calls, but yet, it still continued its systematic calling campaign against them. In an unfair and deceptive manner, Defendant called Plaintiffs at least 50 times each in an attempt to harass them into submission. After Plaintiffs notified Defendant that that they did not wish to be contacted further, Defendant had more than enough information to know that it should not continue calling them. Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiffs seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiffs, JAY A. WENDEL and SANDRA L. WENDEL, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c.   Awarding Plaintiffs costs and reasonable attorney fees;

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2018                                         Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |