UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAY A. WENDEL and<br>SANDRA L. WENDEL,<br><br>    Plaintiffs,<br><br>v.<br><br>BLUESTEM BRANDS INC. d/b/a<br>FINGERHUT,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:18-cv-02988<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), by and through its counsel, answers the Complaint and Demand for Jury Trial, filed by Jay A. Wendel, and Sandra L. Wendel ("Plaintiffs"), as follows:

Except as expressly admitted or qualified below, Bluestem denies each and every allegation in the Complaint.

## NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 et seq. and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 et seq. for Defendant's unlawful conduct.

**ANSWER:** Bluestem admits only that the Plaintiffs purport to bring this action under the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*

Bluestem denies that it violated the TCPA or the ICFA and denies all remaining allegations in paragraph 1 of the Complaint.

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER**: Bluestem admits only that it does not dispute this Court's exercise of subject-matter jurisdiction. Bluestem denies that Plaintiffs have standing to pursue the claims alleged in the Complaint and denies the remaining allegations in paragraph 2 of the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER**: Bluestem admits only that it does not dispute venue in this District. Bluestem denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

4. Plaintiffs are natural persons over 18 years-of-age residing in Warren, Illinois, which falls within the Northern District of Illinois.

**ANSWER**: Bluestem admits on information and belief that Plaintiffs are natural persons, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and therefore denies them.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. §153(39).

**ANSWER**: Bluestem denies the allegation in paragraph 5 of the Complaint.

6. Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis. Defendant's principal place of business is located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers in Illinois.

**ANSWER:** Bluestem admits that it operates Fingerhut, an online retailer, that its principal place of business is located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota, and that it conducts business with consumers in Illinois. Bluestem denies the remaining allegations in paragraph 6 of the Complaint.

7. Defendant is a "person[s]" as defined by 47 U.S.C. §153(39).

**ANSWER:** Bluestem denies the allegation in paragraph 7 of the Complaint.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER:** Defendant cannot determine which "act" or which "agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers" Plaintiffs refer to. As a result, Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and therefore denies them.

### FACTS SUPPORTING CAUSES OF ACTION

9. During the winter of 2017, Sandra purchased a consumer good through Defendant.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and therefore denies them.

10. Upon receiving the consumer good, Sandra realized that Defendant made an error in the order, which prompted her to return the item back to Defendant.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies them.

11. Shortly thereafter, Jay and Sandra began receiving calls to their cellular phones, (586) XXX-8220 and (248) XXXX-4985, respectively, from Defendant.

**ANSWER:** Bluestem admits that, from time to time, telephone calls were made to Ms. Wendel by Bluestem or on Bluestem's behalf, but denies the remaining allegations in paragraph 11 of the Complaint.

12. At all times relevant to the instant action, Jay was the sole subscriber, owner, and operator of the cellular phone ending in 8220. Jay is and always has been financially responsible for the cellular phone and its services.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and therefore denies them.

13. At all times relevant to the instant action, Sandra was the sole subscriber, owner, and operator of the cellular phone ending in 4985. Sandra is and always has been financially responsible for the cellular phone and its services.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies them.

14. Upon answering Defendant's phone calls, Plaintiffs experience a noticeable pause, lasting several seconds in length, and often have to say "hello" before they are connected with one of Defendant's representatives.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies them.

15. Defendant has used a variety of phone numbers when placing calls to Plaintiffs' cellular phones, including but not limited to: (855) 895-3382, (844) 349-6207, (844) 740-3175, and (855) 832-2751.

**ANSWER:** Bluestem admits that calls were placed by Bluestem or on Bluestem's behalf from telephone numbers (855) 895-3382, (844) 349-6207, and (844) 740-3175, but denies the remaining allegations in paragraph 15 of the Complaint.

16. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

**ANSWER:** Bluestem admits that Bluestem or others acting on Bluestem's behalf sometimes use the telephone numbers (855) 895-3382, (844) 349-6207, and (844) 740-3175 to contact customers regarding their Web Bank/Fingerhut credit accounts, but denies the remaining allegations in paragraph 16 of the Complaint.

17. Upon speaking with Defendant's representatives, Plaintiffs have been informed that Defendant is seeking to collect upon an outstanding balance associated with the consumer good purchased by Sandra ("subject consumer debt").

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. Plaintiffs notified Defendant's representatives that the consumer good was returned to Defendant, and that they did not owe on the subject consumer debt.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

US.118670852.02

19. Upon Defendant's persistence, Plaintiffs demanded that Defendant stop contacting them.

**ANSWER:** Bluestem denies the allegations in paragraph 19 of the Complaint.

20. Despite Plaintiffs' efforts, Defendant has continued to place calls to their cellular phones up until the date of the filing of this action.

**ANSWER:** Bluestem denies the allegations in paragraph 20 of the Complaint.

21. Defendant has also placed multiple phone calls to Plaintiffs' cellular phones during the same day.

**ANSWER:** Bluestem admits that at times it placed more than one phone call to Ms. Wendel during the same day, but denies the remaining allegations in paragraph 21 of the Complaint.

22. In sum, Defendant has placed at least 50 phone calls to both Jay's and Sandra's respective cellular phones, despite their demands that it cease contacting them.

**ANSWER:** Bluestem denies the allegations in paragraph 22 of the Complaint.

23. With the goal of specifically addressing Defendant's conduct, Plaintiffs have expended approximately $52.00 to purchase and maintain an application on their cellular phones to help quell Defendant's calls. However, Defendant's communications have persisted.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies them.

24. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

**ANSWER:** Bluestem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and therefore denies them.

25. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER:** Bluestem denies the allegations in paragraph 25 of the Complaint.

26. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

**ANSWER:** Bluestem denies the allegations in paragraph 26 of the Complaint.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
(PLAINTIFFS AGAINST DEFENDANTS)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

**ANSWER:** Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER:** Bluestem admits the allegations in paragraph 28 of the Complaint to the extent they accurately quote the respective statutes cited. Bluestem denies that it violated the TCPA, denies that Plaintiffs are entitled to the relief that they seek, and denies all remaining allegations in paragraph 28 of the Complaint.

US.118670852.02

29. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiffs experience, as well as the fact that Plaintiffs have to say "hello" prior to being connected with a live representative is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts point to the involvement of an ATDS.

**ANSWER:** Bluestem denies the allegations in paragraph 29 of the Complaint.

30. Defendant violated the TCPA by placing at least 50 phone calls to both Plaintiffs' cellular phones using an ATDS without their consent. Any consent Plaintiffs may have given was explicitly revoked upon their demands to cease contact.

**ANSWER:** Bluestem denies the allegations in paragraph 30 of the Complaint.

31. The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER:** Bluestem admits only that its calls were not made for "emergency purposes." Bluestem denies the remaining allegations in paragraph 31 of the Complaint.

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Bluestem denies the allegations in numbered paragraph 32 of the Complaint. Bluestem denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" clause under Count I.

US.118670852.02

# COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER
# FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANTS

33. Plaintiffs restate and reallege paragraphs 1 through 32 as though fully set forth herein.

**ANSWER:** Bluestem incorporates by reference its responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact. . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**ANSWER:** Bluestem admits the allegations in paragraph 34 of the Complaint to the extent they accurately quote the ICFA. Bluestem denies that it violated the ICFA, denies that Plaintiffs are entitled to the relief that they seek, and denies all remaining allegations in paragraph 34 of the Complaint.

35. Plaintiffs are "person[s]" and "consumer[s]" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

**ANSWER:** Bluestem denies the allegations in numbered paragraph 34 of the Complaint.

36. Defendant's collection calls to Plaintiffs are "trade" and "commerce" as defined by 815 ILCS 505/1(1) of the ICFA.

**ANSWER:** Bluestem denies the allegations in paragraph 36 of the Complaint.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiffs. Plaintiffs explained to Defendant that the consumer good which

they ordered from Defendant was not the correct item they had ordered, and Plaintiffs even returned the item back to Defendant. Yet, Defendant bombarded Plaintiffs with telephone calls in an attempt to collect upon a debt allegedly stemming from the consumer good. It was unfair for Defendant to relentlessly contact Plaintiffs through means of an ATDS when they demanded that it stop calling them. Defendant ignored Plaintiffs' requests and continued to systematically place calls to their cellular phone without consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiffs would be compelled to make payment.

**ANSWER:** Bluestem denies the allegation in paragraph 37 of the Complaint.

38. The ICFA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendants.

**ANSWER:** Bluestem denies the allegations in paragraph 38 of the Complaint, denies that it violated the ICFA, denies that Plaintiffs are entitled to the relief that they seek, and denies all remaining allegations in paragraph 38 of the Complaint.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

**ANSWER:** Bluestem admits the allegations in paragraph 39 of the Complaint to the extent they accurately quote the ICFA. Bluestem denies that it violated the ICFA, denies that Plaintiffs are entitled to the relief that they seek, and denies all remaining allegations in paragraph 39 of the Complaint.

US.118670852.02

40. As pled in paragraphs 22 through 26. Plaintiffs have suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiffs are entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:** Bluestem denies the allegations in paragraph 40 of the Complaint.

41. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiffs. Defendant sent Plaintiffs the wrong item, and even after Plaintiffs returned the item, Defendant attempted to harass Plaintiffs into submission by bombarding their cellular phones with collection calls. Defendant also acted in defiance of Plaintiffs' prompts. Defendant was notified by Plaintiffs that they did not wish to receive any more phone calls, but yet, it still continued its systematic calling campaign against them. In an unfair and deceptive manner, Defendant called Plaintiffs at least 50 times each in an attempt to harass them into submission. After Plaintiffs notified Defendant that that they did not wish to be contacted further, Defendant had more than enough information to know that it should not continue calling them. Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiffs seeking collection of debt when it did not. Upon infuriation and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

**ANSWER:** Bluestem denies the allegations in paragraph 41 of the Complaint. Bluestem denies that Plaintiffs are entitled to the relief requested in the "WHEREFORE" paragraph under Count II.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Bluestem Brands, Inc. states the following:

**First Affirmative Defense: Consent**

1. The TCPA does not prohibit calls to cellular telephones made using an automatic telephone dialing system or using an artificial or prerecorded voice where the called party has given his or her consent.

2. Consent can be established by demonstrating that the called party provided the cellular telephone number directly to the creditor or agent in connection with the particular debt.

3. Consent may also be established by demonstrating that the called party agreed to receive calls to her cellular telephone made using an automatic telephone dialing system or using an artificial or prerecorded voice by verbal consent or written consent through a customer agreement or other document.

4. To the extent Bluestem has received consent to make calls to the cellular telephone numbers referred to in the Complaint, whether through customer agreements, written, or verbal statements, or otherwise, Plaintiff's claims are barred.

**Second Affirmative Defense: No Revocation of Consent**

5. Plaintiff has no authority, ability, or express right to revoke her prior express consent for Bluestem to contact her.

6. Any alleged attempts by Plaintiff to revoke prior express consent were insufficient.

**Third Affirmative Defense: Constitutionality of Statutory Damages**

7. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

8. When directed at telephone calls, statutory damages under the TCPA could quickly rise to hundreds of thousands of dollars for alleged actions that caused little or no actual damage to Plaintiff.

9. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**Fourth Affirmative Defense: Failure to Mitigate Damages**

10. Plaintiff did not make payments owed to Bluestem or answer calls made to her to request payment.

11. Had Plaintiff made payments or answered calls, calls would have ended or been reduced.

12. Plaintiff therefore failed to mitigate damages, if any.

**Fifth Affirmative Defense: Offset**

13. Plaintiff is responsible for an account for which money is owed to Bluestem.

14. Plaintiff's claims are barred or reduced, in whole or in part, by any amount owing from Plaintiff to Bluestem.

**Sixth Affirmative Defense: Third Parties**

15. Plaintiff's alleged injuries and damages, if any, were caused solely, or in the alternative, were proximately caused, by the acts, wrongs, omissions and negligence of third parties or a third party, for whose acts Bluestem is in no way liable or responsible.

**Seventh Affirmative Defense: Plaintiff's Own Conduct**

16. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Bluestem.

### Eighth Affirmative Defense: Lack of Standing

17. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that she is in the zone of interests the TCPA is intended to protect.

18. To the extent Plaintiff has not paid money, lost title to goods or value, suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

Bluestem reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

WHEREFORE, Bluestem requests that the Plaintiffs take nothing by way of their Complaint, that the Court grant judgment in favor of Bluestem and against the Plaintiffs on all of the Plaintiffs' claims, and that the Court award Bluestem its costs and attorneys' fees in this action to the extent permitted by law, as well as all other just and appropriate relief, including but not limited to relief raised by the affirmative defenses herein.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Ryan G. Milligan
Ryan G. Milligan (ARDC No. 6326290)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: 312.212.6500
Facsimile: 312.212.6501
Ryan.Milligan@FaegreBD.com

*Counsel for Bluestem Brands, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify than on June 29, 2018, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following counsel of record:

Nathan C. Volheim
nvolheim@sulaimanlaw.com

Taxiarchis Hatzidimitriadis
thatz@sulaimanlaw.com

/s/ Ryan G. Milligan